## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **LEVIAN DOCKERY** | * | |
| | * | |
| **v.** | * | **Civil Case No. TDC-15-2650** |
| | * | |
| **COMMISSIONER, SOCIAL SECURITY** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\***

## REPORT AND RECOMMENDATIONS

Plaintiff Levian Dockery filed this action *pro se* claiming that the Social Security Administration ("SSA") has unlawfully garnished his Social Security retirement benefits since January of 2013.  [ECF No. 3].  Mr. Dockery asserts that SSA did not have a court order of garnishment, and that SSA did not respond to his multiple attempts to contact the Agency and resolve the issue.  [ECF No. 3-1 at 1].  In addition, Mr. Dockery presented evidence of, but did not make any arguments regarding, an apparent overpayment of benefits that was recouped by the Agency.  [ECF No. 3-1 at 9-11].  SSA filed a motion to dismiss for lack of subject matter jurisdiction, arguing that the Government has not waived its sovereign immunity with respect to Mr. Dockery's garnishment claim.  [ECF No. 11].  Regarding the repayment issue, SSA argues that, "This Court Lacks Subject Matter Jurisdiction to Adjudicate Any Hypothetical Claim that Mr. Dockery Might Have Concerning the Overpayment."  *Id.* at 8.  In response, Mr. Dockery filed a motion for summary judgment seeking "repayment of all monies unlawfully garnished" by SSA.  [ECF No. 19].  Pursuant to Standing Order 2014-01, this case has been referred to me for Report and Recommendations on the dispositive motions.  No hearing is deemed necessary. *See* Local R. 105.6 (D. Md. 2014).  For the reasons stated below, I recommend that SSA's Motion to Dismiss be granted, and that Mr. Dockery's Motion for Summary Judgment be denied.

## I.      Facts

Mr. Dockery is a recipient of Social Security retirement benefits.   On September 13, 2012, SSA received a court order directing the Agency to withhold a total of $421.25 per month from Mr. Dockery's benefit payments for child support ("support order").   [ECF No. 11, Exh. A].[1]   SSA sent Mr. Dockery a letter dated September 25, 2012,   notifying him that it had received a court order to reduce his Social Security retirement benefit payments in order to fulfill his obligation to pay child support.  [ECF No. 11, Exh. B].  The letter informed Mr. Dockery that if he "disagree[d] with the decision of the court that issued the garnishment order, [he would] need to contact them directly or have a lawyer do it for [him]."  *Id.*  The Agency sent two more letters on November 27, 2012—one specifying that the Agency would withhold $408.20 from each of Mr. Dockery's monthly benefit payments beginning in January of 2013, and another stating that, as a result, Mr. Dockery's total monthly benefit payment would be $219.80 going forward.   [ECF No. 11, Exh. C].   SSA did not send additional correspondence regarding garnishment of Mr. Dockery's benefit payments until November of 2014.   In a letter dated November 28, 2014, SSA notified Mr. Dockery that it withheld $420.60 from his November benefit payment and would do so each month going forward to pay for child support pursuant to a court order.  [ECF No. 11, Exh. F].

In addition to his claim about withheld benefits, Mr. Dockery also presented evidence relating to an overpayment of benefits by the Agency.  On June 11, 2014, SSA sent Mr. Dockery a letter stating that, based on his work history and earnings in 2013, the Agency had overpaid his retirement benefits by a total of $980.00.  [ECF No. 3-1 at 9].  The letter stated that the overpaid amount should be refunded to SSA within 30 days, or the Agency would withhold the full

---

[1] The Support Order specified that $337.00 of the monthly withheld amount was for current child support payments, while $84.25 of the monthly withheld amount was to cover past-due child support.  [ECF No. 11, Exh. A].

amount of any benefit payments until the overpaid amount was refunded.  [ECF No. 11, Exh. D at 3].  The letter also provided information on how to appeal the overpayment decision or request a waiver of his repayment obligation.  *Id.* at 2.  The record does not contain any evidence that Mr. Dockery appealed the overpayment decision, applied for a waiver, or arranged to pay the overpaid amount in installments.  Accordingly, SSA withheld Mr. Dockery's entire benefit, totaling $637.00, in August of 2014, and withheld the remaining balance of $343.00 from his benefit payment in September of 2014.  [ECF No. 11, Exh. E].  Mr. Dockery filed his complaint on September 8, 2015,[2] challenging all actions by SSA that have reduced his Social Security retirement benefit payments, including implementation of an Income Withholding for Support Order and recovery of an overpayment of benefits.

## II.   Discussion

### a.   Benefits Withheld Pursuant to Support Order

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988)).  The "'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain suit.'"  *Id.* (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941).  Thus, absent a waiver of sovereign immunity, a court does not have jurisdiction to entertain suit against the Government.  Furthermore, any "waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign."  *Lane v. Pena*, 518 U.S. 187, 192 (1996).

With respect to garnishment orders, 42 U.S.C. § 659(f) provides that:

Neither the United States, nor the government of the District of Columbia, nor any

---

[2] Mr. Dockery initially filed his complaint in the District Court for Prince George's County, Maryland, case number 0502-24544-2014.  SSA filed a Notice of Removal of the case to this Court on September 8, 2015.  [ECF No. 1].

disbursing officer shall be liable with respect to any payment made from moneys due or payable from the United States to any individual pursuant to legal process regular on its face, if the payment is made in accordance with this section and the regulations issued to carry out this section.

*Id.* at (f)(1).  Section 659 sets forth a limited waiver of sovereign immunity to allow for the garnishment of proceeds due to an individual by the Government for the enforcement of child support and alimony payments.  *See Diaz v. Diaz*, 568 F.2d 1061, 1062 (4th Cir. 1977) ("[T]he purpose and effect of 42 U.S.C. § 659 is to waive the sovereign immunity of the United States for garnishment and like purposes in a limited class of State court actions involving support obligations of government employees receiving, for example, federal pensions."); *Omega Accounts Servicing Corp. v. Koller*, 503 F. Supp. 149 (D. Md. 1980) (noting that moneys due from the United States may be garnished to provide child support or make alimony payments). This waiver of sovereign immunity specifically applies to garnishment of Social Security and other Government-provided retirement benefits.  *See* 42 U.S.C. § 659(h)(1)(A)(ii)(II) (allowing for garnishment of funds due to an individual "under any other system or fund established by the United States which provides for the payment of pensions, retirement or retired pay, annuities, dependents' or survivors' benefits, or similar amounts payable. . . ").  Even so, the waiver of sovereign immunity in § 659 only permits the enforcement of garnishment orders, and does not provide a federal cause of action or federal jurisdiction to entertain an action against the Government regarding its garnishment of federal benefits or other monies payable to an individual.  *See U.S. v. Morton*, 467 U.S. 822, 836 (1984) (holding that the Government cannot be held liable for acting in accordance with a garnishment order that is regular on its face); *cf.* 42 U.S. § 405(g) (providing the exclusive jurisdictional basis for judicial review of claims arising under the Social Security Act).

Accordingly, a writ of garnishment may be enforced against Mr. Dockery's Social

Security retirement benefits so long as the writ was issued "pursuant to legal process regular on its face." The Supreme Court has noted that the words "legal process" must be interpreted in light of the immediately following phrase "on its face." *Morton*, 467 U.S. at 822. Thus, the Government cannot be held liable for honoring a garnishment order that appears, on its face, to be issued by a court of competent jurisdiction and in accordance with state laws and regulations, even if it is later proven that the issuing court lacked jurisdiction or its decision was improper. *See, e.g.*, *id.* at 829 ("Inquiry into the issuing court's jurisdiction over the debtor cannot be squared with the plain language of the statute, which requires the recipient of the writ to act on the basis of the 'face' of the process."); *see also* 5 C.F.R. § 581.302(f) ("If a governmental entity receives legal process which, on its face, appears to conform to the laws of the jurisdiction from which it was issued, the entity shall not be required to ascertain whether the authority which issued the legal process had obtained personal jurisdiction over the obligor."). Furthermore, § 659 expressly provides that the Government is to be treated the same as a private citizen with respect to garnishment orders. 42 U.S.C. § 659(a) ("the United States or the District of Columbia . . . shall be subject, in like manner and to the same extent as if the United States or the District of Columbia were a private person . . . ."). Thus, requiring the Government to look beyond the face of a garnishment order would be inconsistent with the law applicable to private garnishees. *Morton*, 467 U.S. at 831-32.

In the instant case, the Commonwealth of Virginia electronically filed a support order with SSA on September 13, 2012. [ECF No. 11-1 at ¶ 5(a)]. The support order indicated that it was for "Child Support Enforcement," and was directed to SSA at the Agency's headquarters. [ECF No. 11, Exh. A]. The order directed SSA to withhold a total of $421.25 per month from Mr. Dockery's income, to be remitted to the Treasurer of Virginia at the "Division of Child

Support Enf[orcement]." *Id.* The support order listed Marilyn P. Blackwell as the "Authorized Representative" who issued the order. *Id.* Notably, the support order included language stating "This IWO [(Income Withholding Order)] must be regular on its face. Under certain circumstances you must reject this IWO and return it to the sender. . . . If you receive this document from someone other than a State or Tribal CSE [(Child Support Enforcement)] agency or a Court, a copy of the underlying order must be attached." *Id.* In addition, SSA sent Mr. Dockery a notice regarding the support order on September 25, 2012. [ECF No. 11, Exh. B]. The notice provided that if Mr. Dockery "disagree[d] with the decision of the court that issued the garnishment order, [he would] need to contact them directly or have a lawyer do it for [him]." *Id.* Based on my review, the support order directing SSA to garnish Mr. Dockery's retirement benefits was issued "pursuant to legal process regular on its face." Absent any indication to the contrary, the Agency was not required to inquire further about the issuing court's jurisdiction, or whether its decision was proper in any other respect that would not be apparent on the face of the order. Any issue or concern Mr. Dockery had regarding the support order should have been directed to the issuing court. Because the support order was "regular on its face," I recommend that the Court grant the Agency's motion to dismiss with respect to Mr. Dockery's garnished benefits, because this Court lacks subject-matter jurisdiction.

### b.  Overpayment of Benefits

Mr. Dockery also presented evidence related to an overpayment of benefits. SSA argues that this Court lacks jurisdiction to adjudicate Mr. Dockery's claim related to the overpayment because he failed to exhaust his administrative remedies for challenging the overpayment. An overpayment is defined as "the difference between the amount paid to the beneficiary and the amount of the payment to which the beneficiary was actually entitled." 20 C.F.R. § 404.504.

When an overpayment occurs, SSA will adjust any benefit payments due to an overpaid claimant, or recover the funds by, for example, requiring the claimant to refund the overpayment. *See* 42 U.S.C. § 404(a).  If a claimant disagrees with the Agency's overpayment determination, the claimant may seek reconsideration of the decision.   20 C.F.R. § 404.502a(f).   In certain instances, the claimant may also be granted a waiver of his obligation to repay all or part of the overpayment amount.   20 C.F.R. § 404.506 (explaining that the Agency shall not adjust or recover the amount of an overpayment if: (1) the claimant is without fault, (2) recovery would defeat the purpose of the Social Security Act, or (3) recovery would "be against equity and good conscience").   Any challenge to the Agency's overpayment decision, either by seeking reconsideration or a waiver, must be made within 30 days of the overpayment decision. 20 C.F.R. § 404.502a(h).   The Agency provides information about waiver and reconsideration rights when it notifies claimants of overpayments.   20 C.F.R. §§ 404.502a(e)-(j).   Mr. Dockery did not, at any time, seek reconsideration of the overpayment decision or apply for a waiver of his repayment obligation.   [ECF No. 11-1 at ¶ 5(e)].   Thus, he has failed to exhaust his administrative remedies, and this Court lacks jurisdiction to entertain any claims related to the Agency recouping the overpaid amount.   Accordingly, I recommend that this Court grant SSA's motion to dismiss with respect to the repayment issue, and deny Mr. Dockery's motion for summary judgment as moot.

## III.   Conclusion

For the reasons set forth above, I respectfully recommend that:

1.  the Court GRANT Defendant's Motion to Dismiss [ECF No. 11];

2.  the Court DENY Plaintiff's Motion for Summary Judgment as moot [ECF No. 19]; and

3. the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated:  June 1, 2016                                        _____/s/_____
                                                                                Stephanie A. Gallagher
                                                                                United States Magistrate Judge